**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin D. Rexroad, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Volvo Truck Corporation, et al.,<br><br>    Defendants. | No. CV 06-1437-PHX-JAT<br>No. CV 06-1714-PHX-JAT<br>(Consolidated)<br><br>**ORDER** |

These consolidated wrongful-death actions arise out of a single-vehicle accident that resulted in the death of Alicia Marie Rexroad. Defendants maintain that Arizona law permits only one statutory plaintiff to present evidence on the issue of liability in a wrongful-death action, and have moved this Court to determine the proper statutory plaintiff in this case. Because the interests of the multiple plaintiffs in these cases conflict, the Court will deny Defendants' motion.

**I.    Background**

On May 21, 2004, a vehicle driven by Plaintiff Kevin Rexroad veered off the road, crashed through a guardrail, and burst into flames. Rexroad's wife, Alicia, who was riding as a passenger in the vehicle, died in the crash. On April 27, 2006, Rexroad, acting in his individual capacity and in his capacity as personal representative of the decedent's estate, filed a wrongful-death action against Defendants based on negligence and strict liability. On May 17, 2006, the decedent's surviving parents, the Mercers, filed a separate

wrongful-death action against Defendants based on negligence and strict liability. By order dated November 3, 2006, the Court consolidated these two cases.

Also pending in Arizona state court is a wrongful-death action filed by the Mercers against Rexroad and his employer. In that lawsuit, the Mercers allege that Rexroad negligently caused their daughter's death.

## II. Discussion

In Arizona, although multiple statutory beneficiaries may exist, "[a] wrongful death action . . . is one action for damages with one plaintiff and one judgment." *Begay v. City of Tucson*, 715 P.2d 758, 761 (Ariz. 1986); *see also* Ariz. Rev. Stat. § 12-612. There are, however, two exceptions to this one-plaintiff rule: (1) all statutory beneficiaries have the right to participate in the damages portion of the litigation; and (2) all statutory beneficiaries have the right to participate in any other facet of the litigation where the interests of the beneficiaries conflict.[1] *Williams v. Superior Court*, 820 P.2d 332, 333-34 (Ariz. Ct. App. 1991). In light of the negligence claim asserted by the Mercers against Rexroad in state court, the Court finds that the interests of the Mercers and of Rexroad conflict in these consolidated actions.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Limit the Number of Statutory Plaintiffs to One (Doc. # 32) is denied.

---

[1] Defendants contend that there is no conflict-of-interest exception to the one-plaintiff rule under Arizona law. They argue that the wrongful-death cases that have discussed conflicting interests have done so in the damages context, and that these cases should be limited to their facts. As the Arizona Supreme Court stated in *Nunez v. Nunez*, 545 P.2d 69, 74 (Ariz. 1976), however, "it would be contrary to the Code of Professional Responsibility to require a lawyer to represent multiple beneficiaries with differing interests." This principle applies with equal force to all facets of litigation, as the Arizona Court of Appeals later recognized. *See Williams*, 820 P.2d 332, 333-334 (stating that statutory beneficiaries have "a right to participate in all facets of . . . litigation relating to damages . . . and where the interests of the beneficiaries conflict").

1   DATED this 10th day of October, 2007.

_____
James A. Teilborg
United States District Judge